1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

12  DENISE WENDY WHITE, an individual,      )   Case No. 07 CV 1938 W(AJB)
                                            )
13                                          )
                                            )
14      Plaintiff,                          )
                                            )
15  v.                                      )
                                            )
16                                          )
    FRONTIER AIRLINES, INC., a Colorado     )   **JOINT STIPULATION AND**
17  corporation, and DOES 1 through 50      )   **PROTECTIVE ORDER**
    inclusive,                              )
18                                          )
                                            )
19      Defendants.                         )
                                            )
20

21      Plaintiff DENISE WENDY WHITE ("WHITE"), by and through her counsel of record, and

22  Defendant FRONTIER AIRLINES, INC. ("FRONTIER"), by and through its counsel of record

23  (collectively referred to as the "Parties"), submit this Stipulation and [Proposed] Protective Order:

24      1.      Good cause exists for the issuance of this Protective Order, in that the Parties seek

25  to protect confidential or proprietary information or sensitive security information regarding aviation

26  and/or air travel safety that may be produced by the parties or third parties in response to discovery

27  requests, including subpoenas for documents or testimony, as may be necessary during this

28  litigation. To accomplish such exchange of information, and safeguard this confidential, proprietary,

- 1 -

1   and/or sensitive security information, the Parties agree and propose the following parameters for

2   approval by the Court.

3                              **CONFIDENTIAL INFORMATION**

4        2.      Parties may designate all or portions of any document, thing, material, testimony or

5   other information derived therefrom as "CONFIDENTIAL" under the terms of this Protective Order.

6   Material designated as "CONFIDENTIAL" under this Protective Order ("CONFIDENTIAL

7   INFORMATION") may be used only for the purpose of prosecution, defense, discovery, and/or

8   mediation or settlement of this action, and not for any other purpose.   CONFIDENTIAL

9   INFORMATION includes but is not limited to the following:  (a) confidential or sensitive

10  proprietary, business, commercial, and personal information, and/or (b) information about current,

11  past, or prospective employees that is of a confidential or private nature.  Each Party that designates

12  items for protection under this Protective Order must take care to limit any such designation to

13  specific items that qualify under standards as recognized by California and federal law.   A

14  designating Party must take care to designate for protection only those parts of items that qualify,

15  so that other portions not CONFIDENTIAL for which protection is not warranted are not swept

16  unjustifiably within the ambit of this Order.

17       3.      CONFIDENTIAL INFORMATION shall be so designated by marking or stamping

18  copies of the document produced or testimony with the legend "CONFIDENTIAL."  Marking or

19  stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate

20  all pages of the document as CONFIDENTIAL INFORMATION, and marking or stamping on a

21  label on any electronic storage medium shall designate the contents of such electronic storage

22  medium as CONFIDENTIAL INFORMATION.  Whether or not any evidence or testimony is, in

23  fact, designated as "CONFIDENTIAL" shall not be conclusive of whether it is lawfully entitled to

24  protection as such; resolution of disputes regarding such designations shall be resolved as described

25  in Paragraph 6(A), below.  In addition, the failure to make such a designation shall not constitute

26  a waiver to do so.  In such an instance, the Party requesting to retroactively designate material as

27  CONFIDENTIAL shall first seek an agreement of the receiving Party, and if no such agreement is

28  reached, the producing Party may file an appropriate motion with the Court to seek subsequent

- 2 -

designation of CONFIDENTIAL INFORMATION, also as described in Paragraph 6(A), below.

4.     CONFIDENTIAL INFORMATION produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court; the Court personnel or staff; named Parties; an officer, director, managing agent, in-house counsel, or employee of a named Party; and counsel of record for the named Parties, their associate attorneys, paralegals, secretaries and clerical staff. CONFIDENTIAL INFORMATION may also be disclosed to the following "QUALIFIED PERSON(S)":

(A)     witnesses (other than named Parties, officers, directors, managing agents, in-house counsel, or employees of a Party, as described above);

(B)     experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(C)     court reporter(s) employed in this action;

(D)     deponents (other than named Parties, officers, directors, managing agents, in-house counsel, or employees of a Party, as described above); and

(E)     any other person as to whom the Parties agree in writing.

CONFIDENTIAL INFORMATION disclosed to the preceding categories of QUALIFIED PERSON(S) shall be so disclosed in accordance with the following procedures:

(1)     Before reviewing any CONFIDENTIAL INFORMATION, each QUALIFIED PERSON, other than a court reporter employed in this action, shall execute the Non-Disclosure Agreement in the form of Attachment "A" hereto. CONFIDENTIAL INFORMATION may then be duplicated and transmitted to such persons identified herein as QUALIFIED PERSON(S).

(2)     Each such executed Non-Disclosure Agreement shall be retained by counsel for the Party disclosing CONFIDENTIAL INFORMATION. Such retained Non-Disclosure Agreement shall not be discoverable, except upon order of the Court after a showing that disclosure of the Non-Disclosure Agreement is necessary for good cause. Privileges are not intended to be waived by this provision, and are

1   subject to consideration by the Court in any dispute regarding discoverability of an

2   executed Non-Disclosure Agreement.

3       5.    Testimony taken at a deposition may be designated as CONFIDENTIAL

4   INFORMATION by making a statement to that effect on the record at the deposition, as to the

5   specific testimony or items that are claimed to be CONFIDENTIAL.  Arrangements shall be made

6   with the deposition reporter taking and transcribing information designated as CONFIDENTIAL

7   to bind such portions of the deposition transcript containing information designated as

8   CONFIDENTIAL, and to label such portions appropriately.  Deposition testimony where any such

9   information has been designated as CONFIDENTIAL shall be conducted only before those persons

10  identified in Paragraph 4, above.  No person other than those persons identified in Paragraph 4,

11  above may attend that portion of a deposition, or read the transcript of or the exhibits marked in any

12  deposition taken in this case, where any such information has been designated as CONFIDENTIAL.

13      6.    <u>Challenges and Changes to CONFIDENTIAL Designations</u>.

14      (A)    Notwithstanding the above, the Parties do not waive any right to claim or

15  challenge whether material designated or not designated as CONFIDENTIAL

16  INFORMATION is properly designated or not designated as such, and do not waive any

17  right to make such claim or challenge at any hearing, trial or other proceeding, whether such

18  CONFIDENTIAL INFORMATION is, in fact, confidential.  Information designated as

19  CONFIDENTIAL INFORMATION will be presumed confidential and shall be subject to

20  the limits on disclosure and dissemination set forth in this Protective Order; however, any

21  Party may object to the designation of material as CONFIDENTIAL, in which case the Party

22  challenging such designation shall so notify the producing Party in writing, and the Parties

23  shall meet and confer as to the status of the designation with respect to the information

24  produced under the terms of this Protective Order.  If, following notification by the

25  challenging Party concerning its disagreement with the producing Party's designation of

26  information, the Parties are unable to reach agreement, any Party to this Order may make a

27  request to the Court for a determination of the propriety of the designation within two weeks

28  of the producing Party's refusal to withdraw the CONFIDENTIAL designation; until the

- 4 -

Court reaches a final determination, designated material will remain CONFIDENTIAL, but the burden of establishing the confidentiality of the designated material will remain with the producing Party.

(B)     The Court may also raise the issue of the designation of any information as CONFIDENTIAL by its own motion at any time.

(C)     A designating Party may withdraw its designation by written notification at any time.

(D)     CONFIDENTIAL INFORMATION derived, obtained or compiled from a non-Party or independent non-privileged source may not be designated as CONFIDENTIAL, nor does this Protective Order restrict any Party's ability to use or disclose information derived, obtained or compiled from a non-Party or independent non-privileged source; however, a Party may seek relief from the Court for CONFIDENTIAL designation of such material within two weeks of receipt of such information, and the requesting Party bears the burden of establishing such CONFIDENTIAL protection.

7.     When seeking to admit or introduce any CONFIDENTIAL INFORMATION into the public record in this case, whether in writing or orally (including the filing of papers which constitute or contain CONFIDENTIAL INFORMATION, and including at the trial of this action), the Parties and their attorneys will cooperate in good faith to seek appropriate rulings from the Court to safeguard the confidentiality of CONFIDENTIAL INFORMATION to the extent possible, whether by sealing orders or otherwise.  However, subject to public policy and further Court Order, nothing designated as CONFIDENTIAL INFORMATION shall be filed under seal and the Court shall not be required to take any action, without separate order by the Judge before whom the hearing or proceeding will take place, after application by the affected Party with appropriate notice to the opposing Party.

8.     In the event that any CONFIDENTIAL INFORMATION is used in any Court proceeding in this action, such CONFIDENTIAL INFORMATION shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during and after such use.

9.      The terms of this Protective Order shall survive the final termination of this action, and shall be binding on the Parties and their counsel thereafter. CONFIDENTIAL INFORMATION retained after the conclusion of this action shall be maintained in accordance with the terms and conditions of this Protective Order.

10.     Notwithstanding paragraphs 11 through 29, below, to the extent that any Party believes that all or portions of any document, thing, material, testimony or other information derived therefrom should be subject to a higher level of confidentiality than set forth above, the Parties shall make reasonable and good faith efforts to meet and confer regarding such designation; if after such attempts to meet and confer the Parties cannot agree regarding such designation, the Party seeking the higher level of confidentiality may file an appropriate motion or application with the Court pursuant to Federal Rules of Civil Procedure, Rule 26(c), to limit the disclosure of said document, material, testimony or other information to "ATTORNEY EYES ONLY" or other limited individuals. Such motion or application shall be made by the requesting Party as soon as practicable following the Parties' meet and confer efforts.

### SENSITIVE SECURITY INFORMATION

11.     Notwithstanding paragraphs 1 through 10, above, the Parties contemplate that information relating to aviation and/or air travel security, including but not limited to the airline's Aircraft Operations Standard Security Procedure ("AOSSP") and/or the San Diego Airport's Airport Security Program ("ASP"), or specific provisions thereof, may be the subject of discovery throughout this litigation.

12.     The Parties understand and agree that the Federal Transportation Security Administration ("TSA") has the exclusive authority to designate certain information regarding air travel safety, which may include the airline's AOSSP and/or the San Diego Airport's ASP, or specific provisions thereof, as "Sensitive Security Information," regardless of whether such information is deemed "classified."

13.     A Party requesting Sensitive Security Information from another Party or a third party,

- 6 -

1  including the TSA, shall limit discovery requests to include only the information necessary for

2  purposes of this litigation, and shall not seek information broader than necessary for purposes of this

3  litigation.  Any Party requesting Sensitive Security Information from another Party or a third party

4  shall serve such discovery requests on TSA, via its local attorneys and/or consistent with instructions

5  per the TSA.

6      14.     Individuals and entities with access to Sensitive Security Information are not

7  permitted to disclose the information to any other person or entity absent express authorization from

8  the TSA.  Any Party in possession, custody or control of Sensitive Security Information who

9  receives a discovery request for Sensitive Security Information, shall forward all such requests to

10  the appropriate local TSA representative for review before production, pursuant to 49 C.F.R. section

11  1520.5(a).

12      15.     Any Sensitive Security Information provided by a third party with express consent

13  of the TSA, or directly provided by the TSA, in response to a discovery request propounded by a

14  Party to this litigation shall be governed, maintained and secured pursuant to this Order.

15      16.  Any document, thing, material, testimony, or other information deemed Sensitive

16  Security Information by the TSA shall be distinctly marked SENSITIVE SECURITY

17  INFORMATION before production to the requesting party, consistent with 49 C.F.R. section

18  1520.13.  Material designated as SENSITIVE SECURITY INFORMATION under this Order may

19  be used only for the purpose of prosecution, defense, discovery, mediation or settlement of this

20  action and not for any other purpose. SENSITIVE SECURITY INFORMATION and material is

21  limited to such highly sensitive information as determined by the TSA.  No party shall designate

22  information SENSITIVE SECURITY INFORMATION unless it has been so determined by the

23  TSA.

24      17.     Stamping the legend SENSITIVE SECURITY INFORMATION on the cover of any

25  multi-page document shall designate all pages of the document as SENSITIVE SECURITY

26  INFORMATION, and stamping on a label on any electronic storage medium shall designate the

27  contents of such electronic storage medium as SENSITIVE SECURITY INFORMATION material.

28  Any inadvertent failure to make such designation shall not constitute a waiver to do so.

18.   SENSITIVE SECURITY INFORMATION produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court, court personnel and staff, and counsel of record for the Parties, their associates, paralegals, secretaries, and clerical staff, and to the SENSITIVE SECURITY INFORMATION QUALIFIED PERSONS designated below:

(A)   experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(B)   court reporter(s) employed in this action;

(C)   deponents (other than named Parties, officers, directors, managing agents, in-house counsel, or employees of a Party, as described above); and

(D)   any other person as to whom the Parties agree in writing.

Any and all persons deemed SENSITIVE SECURITY INFORMATION QUALIFIED PERSONS to whom a Party desires to produce SENSITIVE SECURITY INFORMATION must be cleared by the TSA to read and hear SENSITIVE SECURITY INFORMATION, pursuant to applicable TSA regulations.  (49 C.F.R. § 1520.11.)

19.   After each such SENSITIVE SECURITY INFORMATION QUALIFIED PERSON has been granted clearance by the TSA, before reviewing any SENSITIVE SECURITY INFORMATION, each SENSITIVE SECURITY INFORMATION QUALIFIED PERSON shall execute the Non-Disclosure Agreement in the form of Attachment "B."  The Parties must retain copies of any executed Non-Disclosure Agreements and must deliver a copy thereof to the counsel of all Parties following the adjudication of this action.

20.   The TSA may attend and participate in the depositions for the purpose of raising and preserving objections to questions that potentially implicate the disclosure of SENSITIVE SECURITY INFORMATION.  In accordance with the applicable regulations, any objection may be accompanied by an instruction by TSA to the witness not to answer to the extent that TSA previously has made a final determination that disclosure of the information would be detrimental to the security of transportation, 49 C.F.R. section 1520(a)(3), or to the extent that the information is asserted as covered specifically by one or more of the categories enumerated in 49 C.F.R. section 1520.5(b).

- 8 -

21.     Testimony taken at a deposition may be designated as SENSITIVE SECURITY INFORMATION by making a statement to that effect on the record at the deposition or other proceedings.  Arrangements shall be made with the deposition reporter taking and transcribing information designated as SENSITIVE SECURITY INFORMATION to bind such portions of the transcript containing information designated as SENSITIVE SECURITY INFORMATION, and to label such portions appropriately.  During testimony designated as SENSITIVE SECURITY INFORMATION, such a deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Order.

22.     Pursuant to 49 U.S.C. 114(s)(1)(C), the TSA may prohibit the disclosure of information relation to civil aviation security if the TSA determines that disclosing the information would be detrimental to the security of transportation.

23.     The TSA may file under seal for ex parte and/or *in camera* review by the District Court whether Sensitive Security Information is necessary to the litigation in this action.

24.     Any appeal from an order of the TSA prohibiting disclosure of Sensitive Security Information pursuant to 49 U.S.C. section 114(s) lies exclusively with the Court of Appeals, pursuant to 46 U.S.C. section 46110.

25.     Before seeking to admit or introduce any CONFIDENTIAL INFORMATION or SENSITIVE SECURITY INFORMATION into the public record in this case, whether in writing or orally (including the filing of papers which constitute or contain Confidential Information, and including at the trial of this action), the parties and each of their respective attorneys will cooperate in good faith to seek appropriate rulings from the Court to safeguard the confidentiality of Confidential Information, to the extent possible, whether by sealing orders or otherwise.  In the event any CONFIDENTIAL INFORMATION or SENSITIVE SECURITY INFORMATION is used in any court proceeding in this action shall not lose their confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during and after such use.

26.     The terms of this Order shall survive the final termination of this action and shall remain binding on the Parties. The court will not retain jurisdiction to enforce the order beyond two years from the date of an order of dismissal.

27.     Within ten (10) days of the termination or settlement of this action, absent instruction by the producing party to the contrary, the Parties must simultaneously exchange and surrender any CONFIDENTIAL INFORMATION and/or SENSITIVE SECURITY INFORMATION to the producing party and copies of any deposition transcripts designated as CONFIDENTIAL INFORMATION and/or SENSITIVE SECURITY INFORMATION.  Upon surrendering to the other side CONFIDENTIAL INFORMATION and/or SENSITIVE SECURITY INFORMATION and/or deposition testimony, the surrendering Party must also execute and furnish to the other side the Surrender of Confidential Information and Sensitive Security Information Agreement, in the form of Attachment "C."  Said exchange shall occur by overnight delivery.

28.     By agreeing to this Protective Order, no party waives any rights it otherwise would have to object to disclosing or producing any information or item on any ground not addressed herein.  Similarly, no party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

///

///

///

///

///

///

///

///

///

///

///

///

- 10 -

1   ///

2   ///

3   ///

4   ///

5   ///

6   ///

7

8       29.     This Protective Order is subject to modification by further Order of the Court.

9       *Counsel agree that copies of signatures on this document submitted to the Court shall have*

10  *the same force and effect as an original signature.*

11  Respectfully submitted,

12

13  Date:   January 17, 2008             **POPE, BERGER & WILLIAMS, LLP**
                                          Harvey C. Berger, Esq.
14                                        Sarah M. Warner, Esq.

15

16                              By:   /s/ Sarah M. Warner
                                      Sarah M. Warner, Esq.
17                                    Attorneys for Plaintiff DENISE WENDY WHITE

18

19  Date:   January 17, 2008             **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON, LLP**
                                          Michael C. Sullivan, Esq.
20                                        Gregory A. Klawitter, Esq.

21

22                              By:   /s/ Gregory A. Klawitter
                                      Gregory A. Klawitter, Esq.
23                                    Attorneys for Defendant FRONTIER AIRLINES,
                                      INC., a Colorado corporation

24

25      **GOOD CAUSE APPEARING, IT IS SO ORDERED**.

26

27  DATED: January 23, 2008

28  _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

- 12 -

**JOINT STIPULATION AND PROTECTIVE ORDER ATTACHMENT A:**

**CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

1.      I have had the opportunity to review the Stipulation and Protective Order in this action.

2.      I agree that I am a "QUALIFIED PERSON" as set forth in the Protective Order.

3.      As a QUALIFIED PERSON, I will not disclose any of the CONFIDENTIAL INFORMATION to any third person or entity not identified in the Protective Order, and further agree that my use of any CONFIDENTIAL INFORMATION shall only be for the prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose.

4.      As a QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all CONFIDENTIAL INFORMATION which is in my possession, custody, or control to the Party or attorneys for the Party who provided it to me.


Dated: _____          _____
                                 Printed Name


                                 _____
                                 Signature

- 13 -

1    **JOINT STIPULATION AND PROTECTIVE ORDER ATTACHMENT B:**

2    **SENSITIVE SECURITY INFORMATION NON-DISCLOSURE AGREEMENT**

3    The undersigned hereby agrees:

4    1.  I have had the opportunity to review the Stipulation and Protective Order in this action.

5    2.  I agree that I am a SENSITIVE SECURITY INFORMATION QUALIFIED PERSON

6    as set forth in the Protective Order.

7    3.  As a SENSITIVE SECURITY INFORMATION QUALIFIED PERSON, I will not

8    disclose any of the SENSITIVE SECURITY INFORMATION to any third person and further agree

9    that my use of the SENSITIVE SECURITY INFORMATION shall be for the prosecution, defense,

10   discovery, mediation and/or settlement of this action, and not for any other purpose.

11   4.  As a SENSITIVE SECURITY INFORMATION QUALIFIED PERSON, I further agree

12   that on the termination or settlement of this action, I will surrender all SENSITIVE SECURITY

13   INFORMATION which is in my possession, custody, or control in the mater set forth in the

14   Protective Order.

15

16   Dated: _____            _____
                                        Printed Name
17

18                                      _____
19                                      Signature
20

21

22

23

24

25

26

27

28

- 14 -

**JOINT STIPULATION AND PROTECTIVE ORDER ATTACHMENT C:**

**AGREEMENT TO SURRENDER CONFIDENTIAL INFORMATION**

**AND SENSITIVE SECURITY INFORMATION**

The undersigned hereby represents that pursuant to the Stipulation and Protective Order, all CONFIDENTIAL INFORMATION and SENSITIVE SECURITY INFORMATION within the undersigned's possession, custody, or control was surrendered to the Party designating such information.

The surrender of all CONFIDENTIAL INFORMATION and/or SENSITIVE SECURITY INFORMATION occurred pursuant the Stipulation and Protective Order by overnight delivery.

Dated: _____        _____
                                Printed Name


                                _____
                                Signature